**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

M.W., ANASTAZIA J. WOOD, JUSTIN
WOOD and SUZANNE MCCARTHY,

      Plaintiffs,

v.                                  Case No: 8:14-cv-3132-T-24TBM

FORD MOTOR COMPANY,
ENTERPRISE HOLDINGS, INC.,
ENTERPRISE RENT-A-CAR, EAN
TRUST, ENTERPRISE LEASING
COMPANY OF FLORIDA, ENTERPRISE
LEASING COMPANY OF ORLANDO,
LLC, CRAIG R. WOLFF, LASER SPINE
INSTITUTE, LLC and LASER SPINE
SURGICAL CENTER, LLC,

      Defendants.

_____

**ORDER**

      This cause comes before the Court on Plaintiffs' Motion to Remand to State Court (Dkt. 20), Defendant Ford Motor Company's Response in Opposition (Dkt. 33), Defendants Craig R. Wolff, M.D., Laser Spine Institute, LLC, and Laser Spine Surgical Center LLC's Response in Opposition (Dkt. 34), and Defendants Enterprise Holdings, Inc., EAN Trust, Enterprise Leasing Company of Florida, LLC, and Enterprise Leasing Company of Orlando, LLC's (the "Enterprise-Affiliated Defendants") Joinder and Adoption of Ford Motor Company's Response in Opposition (Dkt. 35).

**I.    BACKGROUND**

      Plaintiffs originally filed this action on or about August 22, 2014, in state court, against Ford Motor Company ("Ford"), Enterprise Holdings, Inc., EAN Trust, Enterprise Leasing Company of Florida, LLC, and Enterprise Leasing Company of Orlando, LLC (the "Enterprise

Defendants"), for product liability and negligence. The complaint alleged that on August 16, 2010, a "park-to-reverse" defect in a 2009 Ford Focus and negligence in the maintenance and inspection of the rented vehicle caused it to unexpectedly roll down Plaintiff McCarthy's driveway, injuring Plaintiffs.

On November 24, 2014, Plaintiffs filed an amended complaint, joining Craig R. Wolff, M.D., Laser Spine Institute, LLC, and Laser Spine Surgical Center LLC (the "LSI Defendants"). In addition to the product liability and negligence claims asserted in the original complaint, the amended complaint asserts medical malpractice claims against the LSI Defendants. McCarthy alleges she sought treatment for injuries sustained in the August 16, 2010 accident from the LSI Defendants and that the LSI Defendants deviated from acceptable medical standards of care in performing two surgeries on her back on January 30, 2012, and April 16, 2012. As a result of the LSI Defendants' alleged malpractice, McCarthy claims she suffered permanent injuries and damages.

Ford filed its notice of removal on December 16, 2014. The notice of removal alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332 on the basis that Ford and the properly named Enterprise Defendants are diverse to Plaintiffs, and that the non-diverse LSI Defendants are fraudulently joined. Plaintiffs filed the instant motion to remand on January 14, 2015.

## II.    STANDARD OF REVIEW

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires

complete diversity; every plaintiff must be diverse from every defendant. *See Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000). When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir.2007).

A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. *See Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002); *Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L.Ed. 1214 (1941); *see also Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999); *Perez,* 139 F.3d at 1373. "Federal courts are courts of limited jurisdiction, and ... all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001).

## III.    MOTION TO REMAND

Plaintiffs challenge Ford's removal on two grounds: (1) that removal was procedurally improper because Ford did not obtain Defendants' unanimous consent; and (2) that Ford has not established federal jurisdiction based on 28 U.S.C. § 1332. As an initial matter, both Ford and the LSI Defendants have asserted that the LSI Defendants verbally consented to removal prior to Ford

filing the notice of removal.[1] The Court accepts these assertions as true.[2] Therefore, Plaintiffs' argument regarding the procedural propriety of Ford's removal is without merit.

The remainder of Plaintiffs' arguments supporting its motion to remand are based on the lack of diversity jurisdiction under 28 U.S.C. § 1332.

### A.    Citizenship of the Enterprise Defendants

Plaintiffs argue that Enterprise Rent-A-Car and Enterprise Leasing Company of Florida, LLC are Florida citizens and thus, Ford has not established complete diversity pursuant to 28 U.S.C. § 1332. As discussed below, Plaintiffs are mistaken regarding the citizenship of Enterprise Leasing Company of Florida, LLC, and have incorrectly included Enterprise Rent-A-Car, a fictitious entity, as a defendant in this action. Therefore, Ford has adequately established diversity jurisdiction as to the correctly named Enterprise Defendants.

A party seeking to remove a case to federal court pursuant to the first paragraph of 28 U.S.C. § 1446(b), i.e., within the first thirty days after service, is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 770–71 (11th Cir. 2010). This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755.

Ford filed its notice of removal on December 16, 2014, attaching the affidavit of Alisande L. Williams (the "Williams Affidavit").[3] The Williams Affidavit establishes that the Enterprise-

---

[1]  The Enterprise Defendants' consent is not contested.

[2]  The Court will give deference to Defendants' representations regarding their consent to removal and presume them to be true as they are contained in a pleading signed by a lawyer. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (stating that specific claims contained in pleadings signed by a lawyer deserves deference and a presumption of truth, noting that lawyers are officers of the court that have duty of candor to the tribunal).

[3]  Ford was not served with the original complaint that was filed in August, 2014. It was served with process in this action on November 26, 2014, after the complaint was amended, therefore, its removal was timely under 28 U.S.C. § 1446(b). (Dkt. 1-4).

affiliated entities properly named as Defendants in this action are all citizens of states other than Florida, including Enterprise Leasing Company of Florida, LLC, a limited liability company whose sole member is a Missouri corporation with its principal place of business in Missouri. (Dkt. 1-6). The Williams Affidavit also notes that several of the Enterprise-affiliated entities named in this action are incorrectly named and identified in the style and body of the amended complaint. One such incorrectly identified entity is Enterprise Rent-A-Car, which is a fictitious name used by the Enterprise entities. *Id.*

Contrary to Plaintiffs' assertion that Enterprise Leasing Company of Florida, LLC is a Florida citizen by virtue of its name and the location of its principle place of business, which is in Florida, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP. L.P. v. Comcast SCH Holdings. L.L.C.,* 374 F.3d 1020, 1022 (11th Cir.2004). Because the Williams Affidavit clearly establishes that Enterprise Leasing Company of Florida, LLC's sole member is a Missouri corporation, Enterprise Leasing Company of Florida, LLC is a citizen of Missouri; therefore, complete diversity exists as to the properly named Enterprise Defendants. As to Plaintiffs' arguments regarding Enterprise Rent-A-Car, 28 U.S.C. § 1441 (b)(1) instructs courts to disregard the citizenship of defendants sued under fictitious names for removal purposes. Therefore, the Court will disregard Plaintiffs' arguments regarding the citizenship of Enterprise Rent-A-Car. Accordingly, the Court finds that Ford has adequately established diversity as to Ford and the Enterprise Defendants.

## B.   Diversity Jurisdiction

### 1.   Fraudulent Misjoinder

Plaintiffs move to remand this case on the basis that the LSI Defendants are properly joined and complete diversity of citizenship does not exist as required by under 28 U.S.C. § 1332. Ford

argues the LSI Defendants are fraudulently misjoined because (1) no joint, several, or alternative liability exists between Ford and the LSI Defendants; and (2) because the product liability and negligence claims against Ford have no connection to the medical malpractice claims against the LSI Defendants. The Enterprise Defendants join in Ford's response in opposition to the motion to remand. For the reasons discussed below, the Court has determined that LSI Defendants are fraudulently misjoined, and Plaintiff's motion to remand must be denied on this basis.

Fraudulent joinder is found in three situations: (1) when there is no possibility that a plaintiff can prove its claims against a non-diverse defendant; (2) when there is outright fraud in the pleading of jurisdictional facts; and (3) "when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *See Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir.1998) (citing *Tapscott*, 77 F.3d at 1360). When a plaintiff names a non-diverse defendant solely in order to defeat diversity jurisdiction, the non-diverse defendant is fraudulently joined and the district court must "ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir.2006).

A plaintiff's joinder of a non-diverse defendant is proper where it satisfies the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2). *Triggs*, 154 F.3d at 1289. Rule 20(a)(2) allows defendants to be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). To determine whether claims arise from the same "series of transactions or occurrences" under Rule 20(a)(2), courts in the Eleventh Circuit

apply the "logical relationship" test. *See Smith v. Trans–Siberian Orchestra,* 728 F.Supp.2d 1315, 1319 (M.D. Fla.2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.,* 755 F.2d 1453, 1455 (11th Cir.1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health,* 755 F.2d at 1455). Stated differently, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.'" *Republic Health,* 755 F.2d at 1455 (quoting *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361 (5th Cir.1979)). "[O]nly claims that do not arise from common operative facts are not logically related." *Montgomery Ward Dev. Corp. v. Juster,* 932 F.2d 1378, 1381 n. 1 (11th Cir.1991).

The logical relationship standard is a "loose" one that "permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Plant v. Blazer Fin. Servs., Inc.,* 598 F.2d 1357, 1361 (5th Cir.1979) (internal quotations omitted).[4] Joinder rules, including Rule 20(a)(2), are construed generously towards "entertaining the broadest possible scope of action consistent with fairness of the parties." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). However, federal courts may disregard citizenship of resident parties and sever and remand their claims when the factual nexus between these claims and claims of the diverse parties is so lacking as to render joinder under Federal Rule of Civil Procedure 20 nothing but an attempt to avoid federal jurisdiction. *See In re Trasylol Products Liab. Litig.,* 754 F. Supp. 2d 1331, 1335 (S.D. Fla. 2010) (citing *Tapscott,* 77 F.3d 1353).

---

[4] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

In the instant case, Plaintiffs do not satisfy the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2). First, Plaintiffs' alleged right to relief against the LSI Defendants does not arise out of the same transaction, occurrence, or series of transactions or occurrences as their claims against Ford and the Enterprise Defendants. McCarthy's factual allegations related to her product liability and negligence claims against Ford and Enterprise are entirely distinct from the factual allegations necessary to support her medical malpractice claims against the LSI Defendants. For example, the facts that would support a medical malpractice claim against the LSI Defendants involve questions regarding the medical appropriateness of two separate surgeries that McCarthy underwent and the quality of medical care she received in connection therewith. The facts that would support product liability and negligence claims against Ford and Enterprise, on the other hand, involve factual questions related to the design, engineering, manufacture, marketing, advertising, and maintenance of the vehicle involved in the July 19, 2010 incident. Therefore, in order to determine liability for the claims against Ford and Enterprise, and the LSI Defendants, the fact finder must look to two separate and distinct transactions or occurrences. Because the claims against Ford and Enterprise do not arise out of the same transaction or occurrence as the claims against the LSI Defendants, the claims are not logically related. Thus, joinder is improper under Rule 20(a).

Plaintiffs' allegations also do not support a finding of joint and several liability for Ford and the LSI Defendants under Florida law. *See Ass'n for Retarded Citizens of Volusia Inc. v. Fletcher,* 741 So.2d 520 (Fla. DCA 1999) (finding that a negligent defendant who caused an initial injury was not jointly and severally liable with health care workers whose subsequent negligence caused additional injury). Plaintiffs' right to relief also allows a finding of alternative liability, because, as previously discussed, claims against Ford and Enterprise arise out of an entirely

different set of operative facts than those against the LSI Defendants and are not logically related. Thus, Plaintiffs' claims for relief run afoul of Rule 20(a)(2)'s requirement that a plaintiff's right to relief must be asserted against defendants "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a). Therefore, the LSI Defendants are improperly joined in this action. *See Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, at *3 (S.D. Fla. June 25, 2009) (Holding that the joinder of a medical malpractice claim with a product liability claim was inappropriate because the claims did not involve common questions of law or fact and did not assert joint, several or alternative liability arising out of the same transaction, occurrence or series of transactions or occurrences.)

Finally, it is clear that the joinder of the LSI Defendants rises beyond the level of "mere misjoinder" as discussed in *Tapscott*. *See Tapscott*, 77 F.3d 1360. In *Tapscott*, the Eleventh Circuit concluded that because there was no "real connection" between two controversies, the "misjoinder" of non-diverse parties was egregious, so as to constitute "fraudulent misjoinder." Specifically, the Eleventh Circuit stated: "We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder. We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that [the movants'] attempt to join these parties *is so egregious as to constitute fraudulent joinder.*" *Id.* at 1360 (emphasis added). The circumstances of the instant case also support such a finding. Here, the original complaint contained no mention of medical malpractice and Plaintiffs have proffered no legitimate justification for the joinder of the LSI Defendants. Additionally, the Plaintiffs' claims do not involve any common questions of law or fact and do not assert joint, several or alternative liability "arising out of the same transaction, occurrence or series of transactions or occurrences." Indeed, McCarthy's medical malpractice claim has "no real connection" with the controversy involving

Ford and the Enterprise Defendants. Therefore, on the facts of this case, the Court holds that the attempted joinder of non-diverse defendants on the basis of wholly disconnected claims is unreasonable, and constitutes a fraudulent misjoinder. Accordingly, the motion to remand must be denied as to Plaintiffs' claims against the Ford and Enterprise Defendants.

### 2.  Proof of a Cause of Action against the LSI Defendants[5]

The LSI Defendants argue that they are fraudulently joined on a different basis. The LSI Defendants assert there is no possibility that Plaintiffs can establish a cause of action against them because the applicable statute of limitations bars all of Plaintiffs' claims. The LSI Defendants' argument is based on the first type of fraudulent joinder, in which an exception is provided to the requirement of complete diversity where there is no possibility that the plaintiff can prove a cause of action against a non-diverse defendant. *See Triggs,* 154 F.3d at 1287. A defendant asserting this type of fraudulent joinder must prove fraudulent joinder by clear and convincing evidence. *See Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir.2011) (citing *Crowe*, 113 F.3d at 1538).

While a statute of limitations defense may be considered in connection with a fraudulent joinder inquiry, *see Bollea*, 937 F. Supp. 2d at 1349 (citing *Brown v. Jevic,* 575 F.3d 322, 327 (3d Cir.2009), the LSI Defendants' conclusory assertion that the claims against them "were filed well beyond the two-year statute of limitations set forth in Florida Statutes § 95.11(4)(b)" is insufficient to satisfy their burden in proving fraudulent joinder. The LSI Defendants do not reference any filing dates supporting their argument that Plaintiffs' claims are time-barred. Nor do the LSI Defendants make any showing that Plaintiffs' claims were not asserted within the limitations period as potentially extended or tolled by Florida's medical malpractice statutory scheme.[6] Thus,

---

[5]  It is undisputed that the LSI Defendants are Florida residents. Therefore, they are not diverse pursuant to 28 U.S.C. § 1332.

[6]  *See Hankey v. Yarian*, 755 So.2d 93 (Fla. 2000) ("Pursuant to section 95.11(4)(b), Florida Statutes (1997), an action for medical malpractice must be commenced within two years from the time the incident giving rise to the

the LSI Defendants have not sufficiently shown they are fraudulently joined.

## IV.    CONCLUSION

Pursuant to Federal Rule of Civil Procedure 21, parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Fed. R. Civ. P. 21. Any claim against a party may be severed and proceeded with separately. *Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 2002) (citing Fed. R. Civ. P. 21). Because the Court found that the LSI Defendants are fraudulently misjoined, the Court will *sua sponte* sever and remand Plaintiffs' claims against the LSI Defendants to state court.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion to Remand to State Court (Dkt. 20) is DENIED as to Ford and the Enterprise Defendants.

2. Plaintiffs' Motion to Remand to State Court (Dkt. 20) is GRANTED as to Defendants Craig R. Wolff, M.D., Laser Spine Institute, LLC, and Laser Spine Surgical Center LLC. The Clerk is directed to sever and remand all claims against Defendants Craig R. Wolff, M.D., Laser Spine Institute, LLC, and Laser Spine Surgical Center LLC as to Count IV of the amended complaint.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of March, 2015.

SUSAN C. BUCKLEW
United States District Judge

---

action occurred or within two years from the time the incident is discovered or should have been discovered with the exercise of due diligence. However, before a claimant can file a medical malpractice suit, chapter 766 prescribes a number of requirements and provisions…which affect the running of the limitations period.").

Copies To: Counsel of Record and Parties