**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

M.W., ANASTAZIA J. WOOD, JUSTIN
WOOD and SUZANNE MCCARTHY,

    Plaintiffs,

v.                                                              Case No: 8:14-cv-3132-T-24TBM

FORD MOTOR COMPANY,
    Defendants.
_____

## ORDER

This cause comes before the Court on Defendant Ford Motor Company's Motion to Dismiss (Dkt. 9), Plaintiffs' Opposition to Ford Motor Company's Motion to Dismiss (Dkt. 29), Plaintiffs' supplemental memorandum of law and facts in opposition to Ford's Motion to Dismiss (Dkt. 63), and Ford Motor Company's supplemental authority in support of its motion for summary judgment (Dkt. 62). Pursuant to this Court's order dated May 12, 2015, Ford's motion to dismiss (Dkt. 9) was converted to a motion for summary judgment in order for the Court to resolve the issue of whether Plaintiffs' action was untimely filed and barred by the applicable statute of limitations. The Court, having reviewed the motion, and responses, along with the attachments including the depositions as well as the applicable case law, concludes that the motion should be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiffs originally brought this action in state court, against Ford Motor Company ("Ford"), Enterprise Holdings, Inc., EAN Trust, Enterprise Leasing Company of Florida, LLC, and Enterprise Leasing Company of Orlando, LLC (the "Enterprise Defendants"), for product liability and negligence. On August 4, 2015, the Enterprise Defendants were dismissed with

prejudice. Plaintiffs alleged that on August 16, 2010, a defect in a 2009 Ford Focus and negligence in the design and testing of the vehicle caused it to unexpectedly roll down Plaintiff McCarthy's driveway, injuring Plaintiffs M.W. and McCarthy.

On August 6, 2014, while this action was in state court, Plaintiffs' attorney and his legal assistant (the "Alford Firm") electronically transmitted several documents to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida via the Florida courts' electronic filing portal ("e-portal"). The submission included a complaint, a civil docket sheet, and a form entitled "Request for Division Assignment," (the "August 6th submission"). Along with these submissions, Plaintiffs submitted a filing fee. The complaint had a time stamp: "Filing # 16761550 Electronically Filed 8/06/2014 09-00:24 AM." (Dkt. 63-1). Moments after the filing, the Alford Firm received an email from the e-portal stating that the three documents submitted at "08/06/2014 09:00:24 AM" were received. (Dkt. 63-4). The email provided an e-portal reference number and stated "[w]e will notify you when processing is complete." *Id.* Shortly thereafter, a Hillsborough County clerk reviewed the August 6th submission, determined that the Alford Firm failed to provide several necessary data elements, and moved the August 6th submission to the Hillsborough County clerk's pending queue in the e-portal (the "Pending Queue"). At approximately 9:08 a.m., the Alford Firm received a second email from the e-portal with the subject line "Filing #16761550 Not Filed – Please Correct Filing in the E-Filing Portal Pending Queue." (Dkt. 63-6). The second email stated "[y]our filing with the Hillsborough County, Florida Civil Division needs to be corrected before it can be filed" and directed the Alford Firm to make the following corrections: "[p]lease enter name and address in the Parties Screen for all parties listed on the Complaint." *Id.* The second email noted that the Alford Firm would have up to five business days to correct and resubmit the August 6th submission. The email also advised that the

2

August 6th submission "need[ed] to be corrected and ha[d] been moved to the Clerk's Pending Queue in accordance with the Florida Supreme Court Standards for Electronic Access to the Courts, section 3.1.11, Local Document Receiving." *Id.* Upon receiving the second email, Stephanie Lackey, the legal assistant for the Alford Firm, called the Hillsborough County Clerk's Office ("HCCO") and spoke to a clerk about making the required corrections. The clerk advised Lackey that she needed to "put all parties listed on the complaint," "put the additional defendants," and "file it." (Dkt. 66-1, 28:17-21). After speaking with the clerk, Lackey asserts that she "went back into the portal, filed it and listed the defendants" and "believed it to be corrected." (*Id.* at 28:22-29:5). Thereafter, the Alford Firm did not make any additional attempts to contact the HCCO or log into the e-portal to check if the corrections were made. The Alford Firm did not receive any further communications from the e-portal or the HCCO until August 22, 2014. The e-portal activity records do not contain any information indicating that the Alford Firm made any corrections to the August 6th submission or conducted any activity on the e-portal related to the August 6th submission after it was moved to the Pending Queue at approximately 9:08 a.m. on August 6, 2014. (*See* Dkt. 62-1).

On August 22, 2014, the August 6th submission was filed for judicial review. At approximately 11:32 a.m. on August 22nd the Alford Firm received an email from the e-portal stating:

> Please be advised that [the August 6th submission] was not corrected and has been Filed for Judicial Review in accordance with the Florida Supreme Court Standards for Electronic Access to the Courts, section 3.1.11, Local Document Receiving. This action has been taken for the following reason:
>
> *On 8/6/14, [the August 6th submission] was returned for corrections to be made within 5 business days. As of 8/22/14, no correction has been received. This filing will not be filed/processed.*

(Dkt. 62-4). Upon receiving the email, Lackey called the HCCO and spoke to a clerk who advised her that the corrections were not made and that the complaint would need to be re-filed. (Dkt. 66-1, 33:18-20). Charles Wayne Alford, an attorney at the Alford Firm, also spoke to the clerk and was advised that Plaintiff would need to re-file the complaint, and to state within that complaint the circumstances of the August 6th submission. (Dkt. 66-1, 36:21-24).

Pursuant to the clerk's instructions, on August 22, 2014, the Alford Firm submitted a second complaint through the e-portal. The complaint contained a time stamp stating: "Filed 8/22/2014 06:27:46 PM." (Dkt. 1-2). The complaint was identical to the first complaint except it contained an explanation of the circumstances of the August 6 filing including that "it was filed on August 6, 2014, and an error with the e-portal filing occurred." (*Id.*, ¶8). This complaint was docketed on the HCCO's case maintenance system.

In the instant motion, Defendant Ford moves to dismiss the August 22, 2014 complaint on the basis that Plaintiffs' action is time-barred by the applicable statute of limitations. Because the parties presented matters outside the pleadings in the motion to dismiss and the response, the Court converted Ford's motion to dismiss to a motion for summary judgment on May 12, 2015.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *See Porter v. Ray,* 461 F.3d 1315, 1320 (11th Cir.2006) (citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *See id.* (citation omitted). When a moving party has discharged its burden, the

non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* (citation omitted).

## III.   DISCUSSION

### A.   Timeliness of the Action Pursuant to Fla. Stat. § 95.11(3)(e)

The parties do not dispute that Fla. Stat. § 95.11(3)(e) governs the instant action. An action for products liability under § 95.11(3)(e) must be begun within the four-year limitations period, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence. *See Burr v. Philip Morris USA Inc.*, No. 8:07-CV-01429-MSS, 2012 WL 5290164, at *5 (M.D. Fla. Sept. 28, 2012) *aff'd*, 559 F. App'x 961 (11th Cir. 2014). The statute bars untimely claims for injury from a product based on, *inter alia,* negligence, implied warranty, and strict liability. *McElroy by McElroy v. Firestone Tire & Rubber Co.*, 894 F.2d 1504, 1506 (11th Cir. 1990) (citations omitted).

The parties agree that the four-year limitations period imposed by Fla. Stat. § 95.11(3)(e) expired on August 16, 2014. However, the parties dispute whether Plaintiffs timely filed the complaint. Plaintiffs argue the action was timely filed on August 6, 2014, when the Alford Firm's submitted the complaint to the e-portal. Defendant asserts this action was untimely filed on August 22, 2014, the filing date stamped on the complaint that was docketed in the underlying state court action. Quite simply, if the Plaintiffs are correct, the action is timely. If the Defendant is correct, the action is untimely and barred by the four-year statute of limitations.

Electronic filing is intended to make the filing of documents in a court case easier and quicker for the parties. It is intended to make it easier for the court and the clerk to keep track of the filings and better manage the documents in a court case. However, because of a series of

mistakes by both Plaintiffs' counsel and the Hillsborough County Clerk's Office (HCCO), the electronic filing of the complaint in this case has created uncertainty and controversy, resulting in time and expense for the parties and the court.

Plaintiffs argue the complaint was "filed" on August 6, 2014. (Dkt. 63, p. 2). However, the undisputed facts show that the August 6th complaint was never accepted or downloaded into the HCCO's case maintenance system because the August 6th submission was missing data for party names and addresses. The August 6th complaint was moved to the clerk's Pending Queue in accordance with the *Florida Supreme Court Standards for Electronic Access to the Courts*, §3.1.13. The e-portal activity log shows that the missing information was never uploaded by Plaintiffs' counsel into the e-portal. *See* Dkt. 62-1 (the "e-portal activity log"). Further, the August 6th submission's status never reflected a "filed" status in the e-portal.

Plaintiffs' argument that Plaintiffs' counsel made the necessary corrections to the August 6th filing is unsupported by the facts in the record. While Lackey testified that she "believed [the errors] to be corrected", (Dkt. 66-1, 29:4-5), Plaintiffs do not offer any facts supporting Lackey's belief that the corrections were properly entered in the e-portal. When asked how she knew the corrections had been completed, Lackey responded, "[t]o the best of my knowledge, I just believed it to be corrected." (Dkt. 66-1, 31:9-10). The e-portal activity log does not show any activity by the Alford Firm after the Alford Firm received the email notification that the August 6th filing had been moved to the Pending Queue.[1] Plaintiffs point to HCCO clerk Veronica Phillips' deposition testimony that "computers are computers" to suggest that "mistakes can be made in attempting to correct a filing." (Dkts. 63 at 10; 66-2, 61:10-11). However, Plaintiffs' vague argument does not

---

[1] A filing may be placed in a pending queue for any reason that prevents the filing from being accepted into the clerk's case maintenance system. *See Florida Supreme Court Standards for Electronic Access to the Courts*, §3.1.13.

provide any factual support for their assertion that a computer error could have occurred when Lackey attempted to correct the August 6th filing.

Defendant argues that the complaint of record was file stamped August 22, 2014 which is beyond the applicable statute of limitations. However, despite the fact that Plaintiffs' counsel erred in not making the correction as discussed above, the HCCO made a series of errors that resulted in the docketed complaint of record having a time stamp of August 22, 2014.

According to the *Florida Supreme Court Standards for Electronic Access to the Courts*, Section 3.1.14, "[f]or purposes of determining timeliness, a filing shall be deemed filed on the date and time the electronic filing is received at the portal." That date was August 6, 2014. "The portal's official file stamp date and time will be affixed in the upper left hand corner." The date and time affixed to the complaint was "08/06/2014 09:00:24AM." "A 'Filing received' receipt email will be sent to the filer." Charles Wayne Alford, Plaintiffs' counsel, received an email on August 6, 2014, stating the following three documents were submitted to the Hillsborough Circuit Civil on 08/06/2014 09:00:24AM: Civil Cover Sheet, Request for Division Assignment and Complaint. (*See* Dkt. 63-4). The email also verified the receipt of Filing Fees of $403.00. *Id*.

Because the filing needed to be corrected (all Defendant parties had not been listed in the parties screen) the filing was placed in the Pending Queue awaiting the corrections. Plaintiffs' counsel was notified by email on August 6, 2014 at 9:08AM: "[p]lease be advised that Filing Reference #16761550 needs to be corrected and has been moved to the Clerk's Pending Queue in accordance with the *Florida Supreme Court Standards for Electronic Access to the Courts*, section 3.1.11, Local Document Receiving." (Dkt. 63-6). Plaintiffs' counsel was told in the same email that they had up to five business days to correct and resubmit the filing. *Id.*

According to the *Florida Supreme Court Standards for Electronic Access to the Courts*, Section 3.1.13, "[t]he filing will remain in a pending queue for no more than 5 (five) business days, after which time the filing will be docketed, as filed, and processed for judicial review." However, the August 6th filing was never docketed as filed. Instead, the HCCO appears to have left the filing in the Pending Queue for twelve (12) business days (August 6-August 22).[2]

Even then, rather than docketing the August 6th complaint as filed on August 22nd, the HCCO notified Plaintiffs' counsel to refile the complaint with an explanation of what had happened. When Plaintiffs' counsel refiled the complaint in the e-portal a new document number, a new date and a new time were stamped on the complaint resulting in the docketed complaint having a date stamp of August 22, 2014.

The HCCO should have docketed the August 6th complaint with the missing party information after 5 business days and the docketed complaint would have maintained the August 6, 2014, time stamp. By leaving the August 6th complaint in the Pending Queue for twelve business days and by not docketing it as filed, the HCCO did not comply with the Florida Supreme Court Standards for Electronic Access to the Courts and their failure to comply created this dispute. As Douglas R. Bakke, a chief deputy Clerk of the HCCO points out in his deposition: "It is the fact that we didn't comply with the standard to file the document. We left it hanging there at the portal." (Dkt.66-4, pg.18). When a filer submits a complaint that does not contain all necessary information "[i]t should go into the pending queue and [the clerk should] notify the filer, and they have five business days to correct it. If they don't make the correction, then [the clerk] should bring it down into [the case maintenance system]. The filing will be docketed as filed." (Dkt. 66-4 pg.25).

---

[2] Had the Clerk docketed the filing after five business days as the Rule mandates, the August 6th complaint would have been docketed on August 13, 2014, still within the statute of limitations.

B.      **Equitable Tolling**

Plaintiffs argue that equitable tolling is warranted because the complaint was timely filed and an error was made by the Clerk's office in the processing of the complaint. Plaintiffs complain that it would be manifestly unfair to punish Plaintiffs for an error/mistake made by the clerk. Although they do not elaborate further, the Court assumes Plaintiffs' basis for equitable tolling is that the HCCO erred in failing to docket the August 6th submission in accordance with Section 3.1.13 of *the Florida Supreme Court Standards for Electronic Access to the Courts*.[3] Section 3.1.13 states:

> When information has been submitted electronically to the Clerk of Court's Office, via the Florida Courts E-Portal, the Clerk of Court will review the filed document and determine whether it contains the required information for placement into the clerk's case maintenance system. If during the local document receiving process a determination is made that the filed document conflicts with any court rules or standards, then the clerk shall place the filed document into a pending queue. A filing may be placed in a pending queue for any reason that prevents the filing from being accepted into the clerk's case maintenance system, e.g. documents that cannot be associated with a pending case; a corrupt file; or an incorrect filing fee.
>
> Once placed in a pending queue, the clerk shall attempt to contact the filer and correct the identified issue(s). The filing will remain in a pending queue for no more than 5 (five) business days, after which time the filing will be docketed, as filed, and processed for judicial review.

*Id.*

Equitable tolling is an extraordinary remedy to be applied sparingly, and is appropriate when a plaintiff untimely files due to extraordinary circumstances that are both beyond her control and unavoidable even with diligence. *See Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citing *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999)) (quotations omitted). Even where equitable tolling may be applied to a certain type of claim, it cannot be applied when an

---

[3] *See* Florida Supreme Court Standards for Electronic Access to the Courts, Sec. 3.0 (adopted in *In re Statewide Standards for Electronic Access to the Courts,* Fla. Admin. Order No. AOSC09–30) (Version 14.0 Adopted modifications, May 2014, found at: http://www.flcourts.org/core/fileparse.php/255/urlt/updated-e-access-standards-may2014v14.pdf).

9

untimely filing could have been avoided with due diligence. *See Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846-47 (11th Cir. 2013); *see also Wilson v. Standard Ins. Co.*, No. 14-10825, 2015 WL 3477864, at *3 (11th Cir. June 3, 2015) (finding that equitable tolling generally does not apply in the absence of diligence). The plaintiff bears the burden of establishing that equitable tolling of the statute of limitations is justified. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004); *Jones v. United States,* 304 F.3d 1035, 1040 (11th Cir. 2002); *Carter v. West Publ'g Co.,* 225 F.3d 1258, 1265 (11th Cir. 2000).

The undisputed facts show that the Alford Firm was aware the August 6th submission required corrections minutes after it was transmitted. Although Plaintiffs argue the Alford Firm "sincerely believe[d]" Lackey made the corrections, the record does not contain any evidence that the corrections were actually made or that the Alford Firm attempted to verify whether the corrections were actually made in the e-portal. Had the corrections been made, the August 6th complaint would have presumably been moved from the Pending Queue and downloaded into the HCCO maintenance system and docketed.

However, Plaintiffs are entitled to rely on the *Florida Supreme Court Standards for Electronic Access to the Courts,* and the fact that any clerk of court who has been approved for electronic filing will follow those standards. The HCCO did not follow those standards nor had the two clerks handling this filing even seen the standards. (*See* Dkts. 66-2, 45:10-13; 66-3. 45:23-24). Section 3.1.13 of those standards states that once placed in a pending queue for corrections, the filing will remain in the pending queue for not more than five business days after which time the filing will be docketed as filed and processed for judicial review. Had the HCCO followed the Supreme Court standard, the complaint would have been docketed on August 14, 2015—within the statute of limitations. Furthermore, the e-portal's official time/date stamp would have been

10

August 6, 2014, again within the statute of limitations.

In summary, the record clearly indicates that Plaintiffs' counsel did not act diligently in correcting the mistake that was made when the complaint was timely filed in the e-portal on August 6, 2014. However, if this action appears to be untimely because of the August 22, 2014 date stamped on the docketed complaint, Plaintiffs' lack of diligence did not cause this problem. The HCCO leaving the complaint in the Pending Queue for twelve business days rather than five, not docketing the filed complaint after five business days even though the corrections had not been made, and then instructing Plaintiffs' counsel to file a new complaint on August 22, 2014 resulting in a new time stamp of August 22nd, caused the problem. If the filing date of this complaint was found to be August 22, 2014, rather than August 6, 2014, equitable tolling of the statute of limitations for the time frame of August 6, 2014 and August 22, 2014 is justified.

      C.    **Ford's Motion to Strike**

Ford requests the Court strike paragraphs 32-56 of the Amended Complaint because they contain immaterial, impertinent, and scandalous matters. Pursuant to Fed. R. Civ. P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Scelta v. Delicatessen Support Services, Inc.,* 57 F.Supp.2d 1327, 1347 (M.D. Fla.1999) (quoting *Seibel v. Society Lease, Inc.,* 969 F. Supp. 713, 715 (M.D.Fla.1997)).

Here, Plaintiffs allege that a park-to-reverse defect in 2009 Ford Focus caused the rented vehicle to unexpectedly roll down Plaintiff McCarthy's driveway, injuring Plaintiffs M.W. and McCarthy. Thus, Plaintiffs' allegations regarding the nature of park-to-reverse defects, any accident records related to such defects, and Ford's knowledge thereof, should be related to the

11

2009 Ford Focus. However, as discussed below, the Court will dismiss Count I of the Amended Complaint. Therefore, Plaintiff's request to strike paragraphs 32-56 of the Amended Complaint is denied as moot.

### D. Ford's Motion for More Definite Statement

Ford's motion to dismiss argues that Count One of the Amended Complaint should be dismissed because it improperly commingles Defendants and claims, and because it does not identify which allegations are directed to Ford and which allegations are directed to the Enterprise Defendants. Alternatively, Ford moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Count One contains several claims, including strict liability for product defect and failure to warn. (*See* Dkt. 2, ¶¶ 62-63, 65-66). Count One also includes multiple Defendants, and does not specify which allegations pertain to which Defendant. (*See* Dkt. 2, ¶ 63). The Enterprise Defendants have now been dismissed. Plaintiffs should file a second amended complaint that gives Ford fair notice of what Plaintiffs' claims against it are and the grounds upon which they rest. The second amended complaint shall also limit its allegations to the vehicle in question, the 2009 Ford Focus. Therefore, Count One of the Amended Complaint should be dismissed without prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Ford Motor Company's Motion to Dismiss (Dkt. 9) is granted in part and denied in part as follows:

1) To the extent that Defendant Ford Motor Company's Motion to Dismiss (Dkt. 9), converted to a motion for summary judgment, requests dismissal of the action on the

12

basis that it is time-barred by the applicable statute of limitations, the motion is **DENIED.**

2) To the extent that Ford's motion to dismiss requests dismissal of Count One of the Amended Complaint on the basis that Plaintiffs improperly comingle Defendants and claims therein, the motion is **GRANTED** without prejudice. Plaintiffs shall file a second amended complaint that clearly states Plaintiffs' claims against Ford in separate counts and identifies the specific allegations that support each claim by August 26, 2015. The second amended complaint shall limit its allegations regarding the nature of park-to-reverse defects, any accident records related to such defects, and Ford's knowledge thereof, to the subject vehicle, the 2009 Ford Focus.

3) To the extent that Ford's motion to dismiss requests that immaterial, impertinent, and scandalous matters be stricken from the Amended Complaint, the motion is **DENIED** as moot.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of August, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies: Counsel of Record