**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

M.W., ANASTAZIA J. WOOD, JUSTIN
WOOD and SUZANNE MCCARTHY,

    Plaintiffs,

v.                                            Case No: 8:14-cv-3132-T-24TBM

FORD MOTOR COMPANY, CRAIG R.
WOLFF, LASER SPINE INSTITUTE, LLC
and LASER SPINE SURGICAL CENTER,
LLC,

    Defendants.

---

**ORDER**

This cause comes before the Court on Plaintiffs' Motion to Seal (Dkt. 91). Plaintiffs seek to file under seal their opposition to Defendant Ford Motor Company's motion to strike portions of Plaintiffs' second amended complaint (Dkt. 88). Plaintiffs indicate that Defendant does not oppose the motion to seal.

**I.    MOTION TO SEAL**

Plaintiffs move the Court for permission to file under seal their opposition to Defendant's motion to strike portions of Plaintiffs' second amended complaint, (Dkt. 88), because it contains quotes from deposition testimony that Plaintiffs expect Defendant Ford Motor Company ("Ford") to designate as confidential pursuant to the parties' stipulated protective order.

Local Rule 1.09(a) provides that a party seeking to file under seal any document shall file a motion that includes the following:(i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to

preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. M.D. Fla., Local R. 1.09(a). The relevant rule also states: "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal." M.D. Fla., Local R. 1.09(c)

The right of access to judicial records pursuant to the common law is well established. As the Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir.2007) (internal citations omitted). The court further explained, "This right of access includes the right to inspect and copy public records and documents. This right of access is not absolute, however [and] may be overcome by a showing of good cause." *Id.* In balancing these interests to determine whether documents should be placed under seal, courts consider:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials of public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.*

Here, Plaintiffs have not provided sufficient information to satisfy Local Rule 1.09. Plaintiffs have not explained why the inclusion of certain quotes from deposition transcripts in their opposition to Defendant's motion to strike are necessary or relevant, nor why they should be filed under seal. In fact, Plaintiffs "take no position on the privacy interests which may be asserted by the Defendant or the likelihood of injury to Defendant if the information is made public." (Dkt.

91 at 3). Instead, Plaintiffs merely assert that deposition testimony quotes contained in their opposition "*may* be marked 'Confidential'" by *Defendant* pursuant to the parties stipulated sharing and non-sharing protective order, and that filing the opposition is "necessary to demonstrate why Ford's motion to strike should be denied." (Dkt. 91 at 2-3) (emphasis added).

Plaintiffs' conclusory assertion that the documents are subject to a protective order is insufficient to justify shielding these proceedings from the public. Moreover, Plaintiffs fail to show that the proposed duration of the seal will not extend beyond one year as required by Local Rule 1.09(c). In addition to failing to meet the requirements of the Local Rules, Plaintiffs have not shown good cause to override the public's common law right of access to court documents. Therefore, the motion to seal must be denied. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Seal (Dkt. 91) is **DENIED**. Plaintiffs shall file their opposition to Defendant Ford Motor Company's motion to strike portions of plaintiffs' second amended complaint (Dkt. 88) by September 30, 2015.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of September, 2015.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties

3