UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M.W., ANASTAZIA J. WOOD, JUSTIN
WOOD and SUZANNE MCCARTHY,

    Plaintiffs,

v.    Case No: 8:14-cv-3132-T-24TBM

FORD MOTOR COMPANY,

    Defendant.

## ORDER

This cause comes before the Court on Defendant Ford Motor Company's Motion to Strike Portions of Plaintiffs' Second Amended Complaint (Dkt. 88) and Plaintiffs' Response in Opposition (Dkt. 93).

**I.    BACKGROUND**

Plaintiffs originally brought this action in state court, against Ford Motor Company ("Ford"), and several other Defendants for product liability and negligence.[1] Ford removed the case to federal court.[2] Ford filed a motion to dismiss the Amended Complaint and motion to strike portions thereof (Dkt. 9), which the Court converted to a motion for summary judgment on May 12, 2015 (Dkt. 56). On August 12, 2015, the Court granted Ford's motion in part and ordered Plaintiffs to file a second amended complaint. (Dkt. 79). The Order directed to Plaintiffs to limit the second amended complaint's "allegations regarding the nature of park-to-reverse defects, any accident records related to such defects, and Ford's knowledge thereof, to the subject vehicle, the

---

[1] *See* Dkt. 79 for a detailed discussion of the background in this case.
[2] Plaintiffs' Amended Complaint (Dkt. 2) was filed concurrently with Ford's Notice of removal on December 16, 2014.

2009 Ford Focus." (Dkt. 79 at 13). Plaintiffs filed a second amended complaint on August 26, 2015.

Ford now moves to strike portions of Plaintiffs' second amended complaint.

## II. DISCUSSION

Ford requests the Court strike paragraphs 19, 21, 24, 25, 28, 29, 30, 50(b), 50(c), 51, and 52 of the Second Amended Complaint because they include allegations related to Ford vehicles other than the 2009 Ford Focus. Ford contends that such allegations are immaterial, impertinent, and/or scandalous. Plaintiffs argue that the allegations in question are relevant and material because they relate directly to "Plaintiffs' claims of existing defects and Ford's knowledge thereof…" (Dkt. 93 at 1). Specifically, Plaintiffs assert that at a minimum, allegations concerning earlier models of the Ford Focus are relevant because Ford's design analysis engineer testified at a deposition that the transmission in the 2009 Ford Focus contained a generally similar design to the transmissions contained in the 2001 through 2011 model years.

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Scelta v. Delicatessen Support Services, Inc.,* 57 F.Supp.2d 1327, 1347 (M.D. Fla.1999) (quoting *Seibel v. Society Lease, Inc.,* 969 F. Supp. 713, 715 (M.D. Fla.1997)). The purpose of Rule 12(f) is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (citing *Slone v. Judd,* No. 8:09–cv–1175–T–27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009) (quotation omitted)).

The Second Amended Complaint alleges that a park-to-reverse defect in 2009 Ford Focus caused the rented vehicle to unexpectedly roll down Plaintiff McCarthy's driveway, injuring Plaintiffs M.W. and McCarthy. Plaintiffs allege that Ford had knowledge of a park-to-reverse defect in the 2009 Ford Focus and were aware of the need to design its automatic transmission to prevent such a defect. In light of the deposition testimony of Ford's design analysis engineer that the Ford Focus model years 2001 through 2011 maintained a generally similar design (Dkt. 93-2, 33:4-15), the Court finds that allegations related to other model years of the Ford Focus are relevant to the controversy herein. However, with regard to allegations concerning other Ford models and Ford's knowledge of purported defects therein, the Court finds that such allegations are not related to the controversy in the instant case and may cause prejudice to Ford. Therefore, to the extent that paragraphs 19, 21, 24, 25, 28, 29, 30, 50(b), 50(c), 51, and 52 contain allegations not related to the Ford Focus, such allegations must be stricken.[3] *See e.g. Seibel,* 969 F. Supp. at 715 (holding that allegations that have no possible relation to the controversy and may cause prejudice to one of the parties may be stricken pursuant to Rule 12(f))); *Halifax Paving Inc. v. U.S. Fire Ins. Co.,* 2006 WL 3708090 at *2 (M.D. Fla. December 14, 2006) (finding that allegations that are prejudicial to the opposing party, and irrelevant to the asserted claims should be stricken).

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Ford Motor Company's Motion to Strike Portions of Plaintiffs' Second Amended Complaint (Dkt. 88) is granted in part and denied in part to the extent that allegations related to Ford models other than the Ford Focus are hereby stricken.

---

[3] The Court notes that Ford's design analysis engineer testified that 2001 was the first model year of the Ford Focus. (Dkt. 93-2, 33:7-9). Therefore, any allegations regarding Ford vehicles prior to 2001 are not related to the Ford Focus and must be stricken.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of October, 2015.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties